STATE *against* J. P.

THIS was an indictment for perjury *contra* *formam statuti*, presented to the Court *January* 3d, 1801.

*Indictment for perjury quashed on motion.*

*William C. Harrington* moved that the indictment might be quashed because the crime is alleged to have been committed the 24th day of *April*, 1797, more than three years from the time the indictment was exhibited in Court.

He relied upon the act for the limitation of suits on penal statutes, criminal prosecutions, and actions at law, passed *November* 6th, 1797. The 3d section enacts, " that all actions, suits, bills, complaints, informations or indictments, which at any time hereafter shall be brought, had, commenced or prosecuted for any crime or misdemeanor, (theft, robbery, burglary, forgery, arson, and murder, excepted,) shall be brought, had, commenced or prosecuted within *three years* next after the offence was committed ; and not after the expiration of the said three years."

*Vermont Stat. vol. 2. p. 405.*

The Attorney for the State read the 13th section of the same act : " Provided always, and it is hereby further enacted and expressly declared, that this act shall not be construed to extend to or affect any right or rights, action or actions, remedies, fines, forfeitures, privileges or advantages, accruing under any former act or acts, clause or clauses of acts, fall-

State
v.
J. P.

*Vermont* Stat.
vol. 2. p. 414.

ing within the construction of this act, in any manner whatever :"

And the act passed *November* the 10th, 1797, entitled, " an act repealing certain acts therein mentioned ;" which act repeals the act for the prevention and punishment of frauds and perjuries, passed *March* the 8th, 1787, and by section 3d provides, " that the aforesaid repealed acts or laws shall be in *full force* as to all matters and things done or transacted during their existence, to which they relate, to all intents and purposes as though this act had not been made ; and all such matters may be prosecuted, commenced, done and completed, at any time hereafter, pursuant to the same laws."

Mr. Attorney contended, that though the indictment had been presented to the Court since the passing of the statute of *November* 6th, 1797, cited by the respondent's counsel, and since the passing of the present statute against perjury, yet the crime alleged in the indictment is set forth to have been perpetrated before the existence of those acts. The indictment being *contra formam statuti* must be considered to lie on the statute of the 8th of *March*, 1787, and is therefore sustained by the saving clause of the repealing act, passed *November* the 10th, 1797, to which reference is virtually had in the limitation act passed *November* the 6th, 1797.

*Sed per Curiam.* It is immaterial under which of the acts against perjury the indictment may be supposed to have been found. The act of limitation, passed *November* 6th, 1797, takes effect in all cases from the exhibition of the indictment in Court. The

clerk is directed by the 5th section of the same act to make a minute in writing on the indictment, under his official signature, of the true day, month and year when the same was exhibited; and if the crime of perjury is alleged in the indictment to have been committed more than three years before the date of such exhibition of the indictment, the prosecution is limited.

State<br>v.<br>J. P.

Indictment quashed.

*Levi House*, Attorney for the State.

*W. C. Harrington*, for defendant.